IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Nathan Speten et al., | |
| Plaintiffs, | |
| vs. | Case No. 1:25-cv-000105 |
| Sharda USA LLC et al., | |
| Defendants. | |

ORDER TO AMEND COMPLAINT

[¶1]   THIS MATTER comes before the Court upon an initial review of the Complaint filed on May 8, 2025. Doc. No. 1. Plaintiffs assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as grounds for filing with this Court.

[¶2]   In diversity actions, the Court only has jurisdiction to hear cases between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Federal courts have limited jurisdiction and must raise the jurisdictional question *sua sponte* if the record is unclear whether the Court has subject matter jurisdiction. Nuevos Destinos, LLC v. Peck, 999 F.3d 641, 646 (8th Cir. 2021); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). When federal courts sit in diversity jurisdiction, the pleadings "must set forth with specificity the **citizenship** of the parties," Barclary Square, 893 F.2d 968, 969 (8th Cir. 1990) (emphasis added), which is determined at the time the Complaint is filed. See Alfson v. Brigham Oil & Gas, L.P., 2009 WL 4907022, at *2 (D.N.D. Dec. 11, 2009).  At this time, the Court cannot determine whether the case is appropriately filed in federal court based on diversity jurisdiction.

## DISCUSSION

### I. Plaintiffs' Citizenship

[¶3] The Complaint alleges each plaintiff has resided in North Dakota at "all times relevant" and conducted farming operations in North Dakota. Doc. No. 1, ¶¶ 1–10. The problem, however, is that individuals can be residents of multiple states. Hargett v. RevClaims, LLC, 854 F.3d 962, 965 (8th Cir. 2017). For example, it is common in North Dakota for people to be "snowbirds" in southern states to avoid the frigid winter temperatures here. In that event, those individuals are residents of North Dakota during the warm months and residents of a southern state during the winter months. But that does not make them citizens of both states. See id. Indeed, "citizenship requires permanence" while "[r]esidency is a more fluid concept." Id.

[¶4] The Complaint only alleges residency of each Plaintiff. It does not assert the states of citizenship of each plaintiff at the time the Complaint was filed. See Alfson, 2009 WL 4907022, at *2. These allegations, therefore, need clarification. See Nuevos Destinos, LLC, 999 F.3d at 646 (noting the party asserting subject matter jurisdiction may amend to properly allege citizenship).

### II. Sharda USA LLC and Outsource Logistics, LLC Citizenship

[¶5] In determining the citizenship of an LLC, the Court looks to the states of citizenship of the LLC's individual members, not the state of organization. GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("Holding an LLC's citizenship is that of its members for diversity jurisdiction purposes, we are unable, from this record, to determine the citizenship of GMAC's members."). If a member of an LLC is another unincorporated entity such as an LLC or LP, the citizenship of the members of those unincorporated entities must be alleged until a natural person or corporation is reached. See Torie Bauer v. Equinor Energy LP, 2023 WL 9595357, at *1 (D.N.D. June 27, 2023) ("[I]f any member is itself a partnership or limited liability

company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person" (quoting Niemann v. Carlsen, 2023 WL 22038, at *1 (E.D. Mo. Jan. 3, 2023))); 818 Partners, LLC v. Blue Holdco 440, LLC, 2023 WL 8716881, *2 (D. Minn. Nov. 15, 2023) (holding federal courts must ascertain the citizenship of sub-members, sub-sub-members, and so on until the citizenship of induvial people are known and alleged).

[¶6]    Here, the Complaint insufficiently alleges the citizenship of both LLCs because it does not contain an allegation of the LLC members' citizenship. As to Sharda USA LLC, the Complaint alleges (1) it is organized under the laws of Delaware, (2) it has its principal place of business in Delaware, (3) it is "part of the larger Sharda CropChem family," and (4) it offers generic farming products across a spectrum of needs in the agricultural industry. Doc. No. 1, ¶ 11. As to Outsource Logistics, LLC, the Complaint alleges (1) it is organized under the laws of Georgia, (2) it has its principal place of business in Georgia, and (3) it is engaged in supply chain solutions business. Id. at ¶ 13. Because the Complaint fails to allege the citizenship of each member of the LLCs, it is unclear whether this Court has diversity jurisdiction.

## **CONCLUSION**

[¶7]    At this time, it is unclear whether there is diversity of citizenship between the parties. Rather than dismiss this case, the Court finds Plaintiffs should have an opportunity to cure the defects in their Complaint. See Nuevos Destinos, 999 F.3d at 646 (noting amendment of a pleading to property assert jurisdiction is appropriate). Failure to properly allege the citizenship as outlined above in an Amended Complaint by **May 27, 2025**, will result in this case being dismissed for lack of subject matter jurisdiction.

[¶8]   **IT IS SO ORDERED.**

DATED May 12, 2025.

_____
Daniel M. Traynor, District Judge
United States District Court