IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Nathan Speten, Troy Speten, Gary Speten, Steven Heger, Katherine Heger, Ben Heger, Wesley Doepke, Colin Hanneman, Adam Larson, Eric Larson, and Brent Bachmeier,<br><br>Plaintiffs,<br><br>vs.<br><br>Sharda USA LLC, CJB Industries, Inc., and Outsource Logistics, LLC,<br><br>Defendant. | Civil No. 1:25-cv-00105 |

QUALIFIED PROTECTIVE ORDER RELATING TO
NORTH DAKOTA DEPARTMENT OF AGRICULTURE RECORDS

[¶1]   In order to facilitate the flow of discovery, facilitate the resolution of disputes over confidentiality, protect material, which the North Dakota Department of Agriculture ("NDDA") claims is entitled to be kept confidential pursuant to N.D.C.C. § 4.1-33-21.5(a), and ensure that protection is afforded only to material entitled to protection, the Court hereby enters this Qualified Protective Order ("Protective Order") pursuant to N.D.C.C. § 44-04-18.11.  The Court issues this Protective Order and orders NDDA to disclose the following as detailed in Paragraphs 2 and 3 below:

[¶2]   All NDDA records, memos, testing, data, and other evidence gathered, generated, received, analyzed and/or compiled in relation to the *Subpoena to Produce Documents, Information or Objections or to Permit Inspection of Premises in a Civil Action* by Plaintiffs served on NDDA ("Plaintiffs' Subpoena") on July 22, 2025, except as specifically excluded immediately below.  A copy of Plaintiffs' Subpoena is attached as Exhibit A to the Protective Order.

[¶3]   This Protective Order protects and excludes from its order of disclosure any exempt, closed, and/or confidential information, as specifically listed immediately below:

> Protected health information as defined by N.D.C.C. §§ 23-01.3-02, 23-01.3-08; personal information as defined by N.D.C.C. § 44-04-18.1(2); trade secret, proprietary, commercial, and financial information as defined by N.D.C.C. § 44-04-18.4; email addresses and phone numbers as defined by N.D.C.C. § 44-04-18.21; and social security numbers as defined by N.D.C.C. § 44-04-28.

### A.   Scope of the Protective Order

[¶4]   This Protective Order shall govern all methods for the exchange of confidential information in this case, including without limitation:

> NDDA records, memos, testing, data, and other documents and information gathered, generated, received, analyzed and compiled by NDDA responsive to Plaintiffs' Subpoena as is more fully described in Exhibit A.
>
> Copies, front and back, of any and all reports, citations issued, investigative files, and results of the pesticide Compensa, a Sharda product, as more fully described in Exhibit A, including but not limited to results of pesticide samples.

The terms "documents", "information", and "materials" used in this Protective Order refer to all such methods for the exchange of information described in this paragraph. It includes all written, recorded, computerized, electronic, or graphical material or things, whether produced or created by a Party or another person. This Protective Order applies to all parties (and their attorneys, agents, and representatives) to this litigation. It also applies to any individual who executes the Acknowledgment attached as *Exhibit 1*.

### B.   Designation and Protection of Confidential Information

[¶5]   NDDA, producing documents or appearing for a deposition in this litigation, whether formally or informally, may designate documents as Protected Material pursuant to the standards described in the proceeding paragraphs. Further, if a party determines in good faith that discovery documents produced by NDDA contain

2

Protected Material, that party may designate such documents even if they have not been so designated by NDDA that produced them. The designating party shall make this designation as soon as reasonably practicable. CONFIDENTIAL INFORMATION, as described elsewhere in this document, is referred to as and includes "Protected Material."

[¶6]    The designation of documents containing CONFIDENTIAL INFORMATION shall be made by placing on each page of the document (in such manner as will not interfere with its legibility) the word "CONFIDENTIAL".

[¶7]    Whenever a portion of a deposition involves a disclosure of Protected Material, a party may designate such portions of the deposition. This designation shall be made on the record whenever possible, but following delivery of the transcribed deposition, the parties may also designate portions of the deposition transcript or deposition exhibits as by written notice to all counsel of record specifying which portions of the transcript are to be kept as such.

C.    **Use and Disclosure of Protected Material**

[¶8]    Documents that are designated as Protected Material shall not be used for any purpose except for the prosecution or defense of this litigation unless authorized by further order of this Court. Unless authorized by Court order, the parties are prohibited from using or disclosing the confidential information for any purpose other than the litigation or proceeding for which such information was requested. But this restriction shall not apply to documents that, at or prior to their disclosure in this action, were known to the receiving party or were public knowledge, or which later become publicly disclosed by one having the unrestricted right to do so, or which are otherwise in the public domain.

[¶9]    Documents that are designated as CONFIDENTIAL INFORMATION may be disclosed only to:

    (a)    The parties;

    (b)    Legal counsel of record for the parties in this action;

    (c)    Persons regularly employed or associated with the law firms of such counsel for the parties, whose assistance is requested by legal counsel in the prosecution or defense of this litigation;

    (d)    Other counsel for the parties;

    (e)    Expert witnesses and consultants, and their employees, retained by a party, to the extent such disclosure is necessary for the prosecution or defense of this litigation, including without limitation, any depositions, formulation of opinions, preparation of expert reports, or for motions, hearings or for the trial of this case;

    (f)    Representatives, agents, officers, directors, or employees of the parties to the extent such disclosure is necessary for the prosecution or defense of this litigation;

    (g)    The Court and its personnel;

    (h)    Court reporters involved in transcribing proceedings relevant to this matter;

    (i)    Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such witnesses to testify, and who have previously executed *Exhibit 1*;

    (j)    Employees of copying, imaging, and computer service providers for the purpose of copying, imaging, or organizing documents necessary to the prosecution or defense of this litigation;

    (k)    The author, addressees, and recipients of the document (and their counsel if in the context of a deposition or preparation for a deposition or trial); and

    (l)    Any other person to whom disclosure is expressly authorized in writing by the party who designated the information.

[¶10] Prior to disclosing any Protected Material to a nonparty, counsel shall provide the nonparty with a copy of this Protective Order, and obtain from the nonparty a written acknowledgment in the form attached as *Exhibit 1,* stating that the nonparty has read this Protective Order and agrees to be bound by its provisions. Counsel shall retain all such acknowledgments. If a nonparty does not agree to be bound by this Protective Order, disclosure of Protected Material to such nonparty is prohibited.

### D. Procedure for Filing Protected Material

[¶11] Any party filing a document with the Court containing CONFIDENTIAL INFORMATION, is required to file the document under seal. The parties shall comply with the Court's procedures for filing documents under seal.

[¶12] The designation of documents to be filed under seal shall comply with the applicable Court procedures for filing documents with the Court under seal, in addition to any other designations under this Protective Order.

### E. Rescinding of Designations

[¶13] NDDA may elect to rescind or alter the designation of any document as Protected Material by providing written notice to all parties of record of such election.

### F. Inadvertent Production

[¶14] If Protected Material is inadvertently produced without the legend (e.g., "CONFIDENTIAL") attached, or with an incorrect or improper designation, such documents shall be treated nevertheless as Protected Material from the time NDDA advises the receiving party or parties in writing that such material should have been so designated, and provides the newly designated documents with a "Confidential" designation.

[¶15] If a party learns that, either by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Protective Order, that party must promptly:

    (a) Notify in writing counsel for the all parties of the unauthorized disclosures, including all pertinent facts;

    (b) Make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies of the Protected Material from the recipient(s) thereof;

    (c) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

(d)     Request such person or persons to execute the Acknowledgment attached hereto as *Exhibit 1.* Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

### G.     Return or Destruction of Protected Material

[¶16]  Within 90 days after the final resolution of this action, including the expiration of any appellate review, Protected Material shall be returned to NDDA that produced such documents, or destroyed. All counsel of record shall, upon request, make certification of compliance with this requirement and shall deliver the same to counsel for the party or nonparty that produced the documents not more than 14 days after any such request.

[¶17]  Notwithstanding the foregoing, counsel for each party may retain an archival copy of all Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

### H.     Survival and Jurisdiction

[¶18]  The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action.

[¶19]  Each person to whom Protected Material is shown or to whom such Protected Material is disclosed hereby submits him or herself to the personal jurisdiction of this Court, wherever he or she may reside, but only for the purpose of enforcing the terms of this Protective Order.

[¶20]  Nothing in this Protective Order shall affect any question of attorney-client privilege, work product protection, peer review or quality assurance privilege, or any other privilege or immunity, as these matters shall be governed by the applicable law of privilege or immunity.

Dated this 31st day of July, 2025.

BY ORDER OF THE COURT:

>                    */s/ Clare R. Hochhalter*
>                    Clare R. Hochhalter, Magistrate Judge
>                    United States District Court

*EXHIBIT 1*

## ACKNOWLEDGMENT

I certify that I have read and I understand the provisions of the Qualified Protective Order Relating to North Dakota Department of Agriculture Records ("Protective Order") entered on the ____ day of _____, 202__, by the Court in the civil lawsuit entitled *Nathan Speten, Troy Speten, Gary Speten, Steven Heger, Katherine Heger, Ben Heger, Wesley Doepke, Colin Hanneman, Adam Larson, Eric Larson, and Brent Bachmeier v. Sharda USA LLC, CJB Industries, Inc., and Outsource Logistics, LLC, Civil Action No. 1:25-CV-00105.*

As a condition precedent to my receipt and examination of CONFIDENTIAL INFORMATION disclosed pursuant to the Protective Order, or of obtaining information derived from such, I agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall be bound by, observe, and comply with the terms and provisions of the Protective Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Protective Order.

_____
Printed Name

_____    _____
Signed Name                                                              Date

Relationship to this Litigation: _____