**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

Nathan Speten et al.,

                                        Plaintiffs,

                                                            Case No. 1:25-cv-00105

vs.

Sharda USA LLC et al.,

                                        Defendant.

---

**ORDER DENYING MOTIONS TO DISMISS**

---

[¶ 1]    THIS MATTER comes before the Court on a Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Outsource Logistics, LLC ("Outsource") on September 4, 2025. Doc. No. 60. Plaintiffs filed a Response on October 9, 2025. Doc. No. 73. Outsource replied on October 23, 2025. Doc. No. 76. The motion and the entire case were stayed on November 4, 2025, to allow for jurisdictional discovery. Doc. No. 77. Additionally, Defendant CJB Industries, Inc. ("CJB") filed a motion to dismiss for lack of jurisdiction on January 16, 2026. Doc. No. 82. Plaintiffs filed a Response on February 6, 2026. Doc. No. 86. Sharda USA LLC ("Sharda") filed a Response on February 13, 2026. Doc. No. 92. CJB replied on February 19, 2026. Doc. No. 93. By leave of Magistrate Judge Hochhalter, Plaintiffs filed an additional memorandum in opposition on February 24, 2026. Doc. Nos. 91, 95–97. CJB replied on February 27, 2026. Doc. No. 99. Plaintiffs then filed their report on jurisdictional discovery on March 2, 2026. Doc. Nos. 100–01. Outsource filed an amended surreply on March 20, 2026. Doc. No. 107. For the reasons set forth below, both motions are **DENIED**.

- 1 -

[¶ 2]    In 2024, Plaintiffs purchased a herbicide called Compensa from Wholesale Ag Products in Carrington, North Dakota. Plaintiffs applied the product, which they allege damaged their fields and crops. The product label stated it used the active ingredient of imazethapyr, a selective herbicide. Plaintiffs allege it actually included imazapyr, a non-selective herbicide. Plaintiffs sued CJB, Outsource, and Sharda as manufacturers of Compensa on June 30, 2025. Doc. No. 18.

## I.    Outsource Motion

[¶ 3]    Outsource argues the Court lacks personal jurisdiction over it because shipping product to North Dakota was directed by Sharda and Outsource did not have sufficient contacts with North Dakota. Plaintiffs argue Outsource could have denied the shipment, the contract between Sharda and Outsource does not set up an agent relationship, and Outsource labeled the product for shipping.

[¶ 4]    "Personal jurisdiction over a defendant represents the power of a court to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" Viasystems, Inc. v. EMB-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 592–93 (8th Cir. 2011) (quoting Kulko v. Sup. Ct. of Cal., 436 U.S. 84, 91 (1978)). In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof. Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015). The action will survive a motion "if the evidence, viewed in the light most favorable to [plaintiff], is sufficient to support a conclusion that the exercise of personal jurisdiction over [defendant] is proper." Id.

[¶ 5]    "A federal court may assume jurisdiction over a defendant in a diversity action if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause of the Fourteenth Amendment." Id. The North Dakota Supreme Court has held the state's long-arm statute "authorizes North Dakota courts to exercise personal

jurisdiction over nonresident defendants to the fullest extent permitted by due process." Hansen v. Scott, 2002 ND 101, ¶ 16, 645 N.W.2d 223. When a state statute "is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process." Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006).

[¶ 6]    "Due process requires minimum contacts between [a] non-resident defendant and the forum state such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice," Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004), and a defendant could "reasonably anticipate being haled into court there." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003).

[¶ 7]    Minimum contacts can be general (continuous and systematic) or specific (related to the lawsuit). See Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 415–16 (1984) (discussing general and specific personal jurisdiction). The Eighth Circuit has a five-factor test to determine if there are minimum contacts or a "substantial connection" between the forum state and the defendant: (1) quality of contact; (2) quantity of contact; (3) how closely related the lawsuit is to the contact; (4) forum state's interest; and (5) party convenience. Id. The first three factors receive "significant weight." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (quoting Dever, 380 F.3d at 1073–74). "The Eighth Circuit's five-part test essentially 'blends' the test for general and specific jurisdiction." JMAC Energy Srvs., LLC v. Badger Mining Corp., Case No. 1:24-cv-080, 2024 WL 565 1829, at *4 (D.N.D. Dec. 12, 2024).

[¶ 8]    After jurisdictional discovery, viewing the record in the light most favorable to Plaintiffs, see Creative Calling, 799 F.3d at 979, the Court finds there are sufficient minimum contacts to establish specific jurisdiction.

[¶ 9]    Outsource shipped Sharda products to North Dakota since at least 2019. Doc. No. 101-2, pp. 1–2 (noting that Sharda only sent information since 2019). At least 29 shipments came from Outsource to North Dakota between 2019 and 2024. Doc. No. 101-3. The process, generally, starts with another warehouse sending ingredients to Outsource along with the labeling information and Outsource affixes descriptive labels to the product as it is stored. See Doc. No. 101-27, p. 318–21. When an order is placed, another label comes from the third-party shipping company, Outsource pulls the ingredients and sends them to CJB for mixing, which then sends back a finished product. See id. Outsource packages and labels the finished product for shipping. See id.

[¶ 10]    At some point on a site visit, a Sharda employee found mislabeled pallets that were specifically the ingredients at issue in this case. Doc. No. 101-29. The incorrect identification was also on the inventory lists. Id. The discrepancy was obvious, and (since the Court views the evidence in the light most favorable to the plaintiff) it is a reasonable inference that Outsource knew the product was mislabeled and would have known it was sending the wrong product to be mixed by CJB. Outsource also knew the returned mixed product with the wrong ingredient would eventually end up in North Dakota.

[¶ 11]    North Dakota has a special interest in protecting the interests of its citizens and holding companies accountable for sending faulty products into the state, especially agricultural products, that cause damage to land in North Dakota. While litigating in North Dakota will be inconvenient for Outsource, Georgia would be even more inconvenient for Plaintiffs. And Plaintiff's damaged farmland cannot be moved to Georgia.

[¶ 12]    Outsource points the Court to TJS Brokerage & Co. v. Mahoney, a Pennsylvania case where the court found no jurisdiction over a warehouse that shipped product for others. 940 F. Supp. 784, 791 (E.D. Pa. 1996). However, in that case, the court found no general personal

jurisdiction and granted the motion for jurisdictional discovery to determine if there was specific personal jurisdiction.

[¶ 13]  Therefore, after considering the entire record and taking all evidence in a light most favorable to the Plaintiffs, the Court finds there is specific personal jurisdiction over Outsource. Outsource's Motion to Dismiss is **DENIED.**

## II.     CJB Motion

[¶ 14]  Plaintiffs argue CJB waived the defense by not asserting it in its answer. CJB argues denying jurisdiction was enough to preserve the defense without raising it affirmatively.

[¶ 15]  CJB filed an Answer to the Second Amended Complaint on July 14, 2025, in which CJB denied jurisdiction, but did not raise it as an affirmative defense. Doc. No. 21. Sharda filed an Answer on July 31, 2025, which included crossclaims against CJB and Outsource. Doc. No. 33. CJB answered Sharda's crossclaim on August 21, 2025, in which it did not raise lack of jurisdiction as an affirmative defense. Doc. No. 48.

[¶ 16]  The right to raise motions to dismiss can be waived explicitly by failing to raise them or implicitly by participating in the lawsuit. See Fed. R. Civ. P. 12 (motions must be raised before filing or within a responsive pleading); Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) (argument waived by participation in lawsuit). However, the argument can survive even with participation if it is reraised throughout litigation. See Aly v. Hanzada for Import & Export Co., 864 F.3d 844, 848–49 (8th Cir. 2017).

[¶ 17]  CJB relies on Fabara v. GoFit, LLC, which held that denying the paragraph in the Complaint which asserts personal jurisdiction is enough because lack of personal jurisdiction is not an affirmative defense. 308 F.R.D. 380, 398–400 (D.N.M. 2015). The court found persuasive that lack of personal jurisdiction is not listed as an affirmative defense in Federal Rule of Civil

Procedure 8 or in any treatise it consulted. Id. The court relied on a framework used by a magistrate judge from Iowa for deciding whether a defense is an affirmative defense, which looked at: burden of proof, if it would provide relief should the rest of the complaint be proven true, and need for notice to avoid surprise. Id. Based on that criteria, and three other district cases from New York and Massachusetts, the court concluded that denial of the paragraphs was sufficient, and the defense was not waived. Id.

[¶ 18]   The Court does not find this out-of-circuit reasoning persuasive. In Fabara, the motion to dismiss was filed less than three months after the answer was filed. Id. at 384. The Massachusetts case followed a similar timeline. See McDermott v. FedEx Ground Sys., Inc., 520 F. Supp. 2d 254, 255 (D. Mass. 2007). The plaintiff in Boss Products Corp. v. Tapco Intern. Corp. asked for declaratory judgment on waiver of the defense a month after the answer was filed. See Case No. 1:00-cv-00689, Doc. No. 7 (W.D.N.Y. Oct. 2, 2000). In Phat Fashions, LLC. v. Phat Game Athletic Apparel, Inc. even though the motion to dismiss was filed ten months after the answer, defendant told plaintiff multiple times of the intent to file a motion based on lack of personal jurisdiction. Case No. 00CIV0201 (JSM), 2001 WL 1041990, at *4 (S.D.N.Y. Sept. 7, 2001). In all of these cases, there was relatively quick notice to the plaintiffs that the defense would be raised, in addition to the denial of the jurisdictional paragraphs in the Answer.

[¶ 19]   Within the Eighth Circuit, Vallone v. CJS Sols. Grp., LLC held that a defendant does not need to use any specific words to give notice. 9 F. 4th 861, 864–65 (8th Cir. 2021). The defendant listed as an affirmative defense a violation of Due Process rights, but not specifically "lack of personal jurisdiction," and the court stated the defendant adequately pled the defense and did not waive it. Id.

[¶ 20]  In contrast, in the present case, Outsource filed its Motion to Dismiss for Lack of Jurisdiction and amended its complaint to include the affirmative defense, in early September 2025. Doc. Nos. 60, 62. The case was stayed to allow for jurisdictional discovery until January 2026. Doc. No. 77. At no time did CJB indicate it would challenge jurisdiction on the same grounds until after discovery had largely finished. The blanket statement in the initial answer, "Paragraphs 14-16 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, CJB denies . . . ," is not sufficient notice that CJB would rely on this defense and file a motion six months after its answer and four months after Outsource relied on the same grounds. Doc. No. 21. Therefore, the Court finds CJB has waived the defense of lack of personal jurisdiction by not adequately preserving it within its first responsive pleading or a pre-pleading motion. See Fed. R. Civ. P. 12. CJB's Motion to Dismiss is **DENIED.**

## CONCLUSION

[¶ 21]  For the foregoing reasons, Outsource's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 60) and CJB's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 82) are **DENIED**.

[¶ 22]  **IT IS SO ORDERED**.

DATED May 14, 2026.

Daniel Mack Traynor, District Judge
United States District Court