**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Nathan Speten, Troy Speten, Gary Speten, Steven Heger, Katherine Heger, Ben Heger, Wesley Doepke, Colin Hanneman, Adam Larson, Eric Larson, and Brent Bachmeier, | ) ) ) ) ) | **ORDER** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sharda USA LLC, CJB Industries, Inc., and Outsource Logistics, LLC, | ) ) | Case No. 1:25-cv-105 |
| | ) | |
| Defendants. | ) | |

On May 14, 2026, the Court issued an order denying motions to dismiss respectively filed by Defendants Outsource Logistics, LLC ("Outsource") and CBJ Industries, Inc., on September 4, 2025, and January 16, 2026. (Doc. No. 108).

On June 4, 2026, Outsource filed a Motion to Reconsider, or in the Alternative to Certify Interlocutory Appeal, along with a 28-page supporting memorandum. (Doc. Nos. 110 and 111). In the supporting memorandum it states in a footnote that it considers its motion to be dispositive and therefore subject to the 40-page limitation for dispositive motions provided for in D.N.D. Civ. L.R. 7.1(a). (Doc. No. 111 at p. 2 fn 1).

On June 15, 2026, Plaintiffs filed a Motion for Clarification. (Doc. No. 114). They seek clarification from the court that Outsource's Motion for Reconsideration is indeed dispositive and that their response is governed by Local Rule 7.1(A)(1)(a), meaning that they have 28 days in which to file a response that is up to 40 pages in length.

On June 16, 2026, Outsource filed a response to Plaintiffs' Motion for Clarification. (Doc.

No. 116). It maintains that its Motion for Reconsideration can be considered dispositive under the Local Rules as Plaintiffs claims against it would be subject to dismissal if the Court were to grant its motion. . However, should its motion be deemed non-dispositive, it requests leave *nunc pro tunc* to exceed Local Rule 7.1(A)(1)(a)'s 20-page limit on nondisposive motions.

Local Rule 7.1 provide in the following in relevant part with respect to dispositive motions:

> A dispositive motion is one which seeks relief, whether partial or complete, under Fed. R. Civ. P. 12 or 56. When serving and filing a dispositive motion, the moving party must contemporaneously serve and file a memorandum in support not to exceed forty (40) pages. The adverse party has twenty-eight (28) days after service and filing of the memorandum in support to serve and file a response not to exceed forty (40) pages. The moving party has fourteen (14) days after service and filing of the response to serve and file a reply not to exceed ten (10) pages.

D.N.D. Civ. L.R. 7.1(A)(1)(a). It further provides the following in relevant part with respect to non-dispositive motions:

> A non-dispositive motion is a motion not outlined in subsection (A)(1) or otherwise designated by the court as a dispositive motion. When serving and filing a non-dispositive motion, the moving party must contemporaneously serve and file a memorandum in support not to exceed twenty (20) pages. The adverse party has fourteen (14) days after service and filing of a memorandum in support to serve and file a response not to exceed twenty (20) pages. The moving party has seven (7) days to serve and file a reply not to exceed seven (7) pages.

D.N.D. Civ. L.R 7.1(A)(2).

"The Federal Rules of Civil Procedure do not expressly contemplate a 'motion to reconsider.'" Bliv, Inc. v. Charter Oak Fire Ins. Co., No. 4:22CV869 HEA, 2024 WL 2831110, at *1 (E.D. Mo. June 3, 2024) (citing Branca v. Tesla, Inc., No. 4:24-CV-00178-RK, 2024 WL 2303947, at *1–2 (W.D. Mo. May 21, 2024); Satterlee v. Internal Revenue Serv., No. 6:21-cv-03046-RK, 2022 WL 16966525, at *1 (W.D. Mo. Nov. 16, 2022). "Federal courts generally construe such a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil

2

Procedure." Id. (citing Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011)). see also Legrand v. Carpenter, No. 4:22-CV-04168-CCT, 2025 WL 1506135, at *2 (D.S.D. May 27, 2025) ("Typically, courts characterize motions for rehearing or to reconsider as motions made under Rule 59(e) or Rule 60(b).").

Although not filed pursuant to Fed. R. Civ. P. 12 or 56, Outsource's Motion for Reconsideration is dispositive in nature as Outsource is requesting the Court to review its decision denying Outsource's Motion to Dismiss, reverse course, and dismiss Plaintiff's claims against Outsource. Accordingly, the court **GRANTS** Plaintiffs' motion (Doc. No. ). Outsource's Motion for Reconsideration can be fairly classified as a "dispositive motion" and therefore subject to the default page limitations and briefing schedule for dispositive motions under L.R. 7.1(a)(1)(A). Plaintiffs' response to Outsource's Motion for Reconsideration is due by July 2, 2026, and may be up to 40 pages in length.

**IT IS SO ORDERED.**

Dated this 17th day of June, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistate Judge
United States District Court

3