**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Nathan Speten et al., | |
| Plaintiffs, | |
| vs. | |
| Sharda USA LLC et al., | Case No. 1:25-cv-00105 |
| Defendants. | |

**ORDER DENYING MOTIONS FOR RECONSIDERATION**
**AND INTERLOCUTORY APPEAL**
**AND FINDING AS MOOT MOTION TO STAY DISCOVERY**

[¶ 1]    THIS MATTER comes before the Court on a Motion for Reconsideration, or in the alternative, a Motion for Interlocutory Appeal filed by Outsource Logistics, LLC ("Outsource") on June 4, 2026. Doc. Nos. 110, 112.  Plaintiffs filed a Response on July 2, 2026. Doc. No. 125. Outsource filed a Reply on July 16, 2026. Doc. No. 136. Outsource also filed a Motion to Stay Discovery pending resolution of these motions on July 10, 2026. Doc. No. 132. For the reasons set forth below, Outsource's Motions are **DENIED** and the Motion to Stay Discovery is **MOOT**.

[¶ 2]    Outsource asks for a reconsideration of the Court's prior Order denying its Motion to Dismiss for Lack of Personal Jurisdiction for both errors of law and fact. Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Granting a motion is within the "wide discretion" of the trial court. SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111

- 1 -

(8th Cir. 2019). "A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact . . . .'" Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 407 (8th Cir. 2013) (quoting United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)). Reconsideration is appropriate only when the previous decision was "clearly erroneous and would work a manifest injustice." Jordan v. Cent. Transp., LLC, No. 4:17-cv-4011, 2019 WL 885916, at *2 (W.D. Ark. Feb 22, 2019) (quoting Evans v. Contract Callers, Inc., No. 4:10-cv-02358, 2012 WL 234653, at *2 (E.D. Mo. Jan 25, 2012)). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015).

[¶ 3]    Outsource argues the Court made several factual errors: (1) it was Sharda, not Outsource, that decided where to ship products, (2) the Court misunderstood the processes for raw materials and finished products, (3) Outsource does not package or label finished products, only puts the product on trucks for shipment, and (4) Outsource disputes evidence on the record concerning the mislabeled pallets.

[¶ 4]    The Court will address each point in turn. First, Outsource does not deny it shipped product to North Dakota, only that it was done at the direction of someone else, which is an argument already made in previous filings. See Doc. Nos. 76, 102-1, 107. Second, any misunderstanding of the processes for raw materials and finished product does not change the final analysis of the Court's decision. Outsource sent product to be mixed and it also received finished product to be shipped. Doc. No. 111, pp. 18–19. Third, the Court was referring to a shipping label, not a product label. And finally, the Court did not find any instance in the previous filings where Outsource argued the label was not seen through the packaging, and a motion for reconsideration is not the time to raise arguments that could have previously been raised. Julianello, 791 F.3d at 923.

However, even if Outsource previously raised the issue, the evidence is taken in the light most favorable to the non-movant in a motion to dismiss. Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015) (stating standard for motion). The pleading standard for personal jurisdiction is "sufficient facts to support a reasonable inference." Id. The Court finds Plaintiffs' version of events more than reasonable.

[¶ 5]   Outsource also argues the Court committed a legal error by finding personal jurisdiction but these arguments boil down to a reiteration of the arguments made previously. See Doc. No. 108. The Court declines to repeat itself in this Order.

[¶ 6]   Outsource requests, in the alternative, that the Court approve an interlocutory appeal. An interlocutory appeal may be granted under 28 U.S.C. § 1292(b) when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Certification "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). A case is not materially advanced if only one defendant is affected by the question at hand. ASI, Inc. v. Aquawood, LLC, No. 19-cv-00763, 2021 WL 396818, at *3 (D. Minn. Feb. 4, 2021). In ASI, a defendant wanted to appeal the district court's interpretation of RICO that resulted in finding personal jurisdiction over that defendant. That court found the litigation's ultimate determination would not be materially advanced by reversing one defendant's basis of personal jurisdiction because the other seventeen defendants would remain in the case either way. Id. The appeal would also not avoid a trial or substantially shorten the litigation. Id.

[¶ 7]    While there are fewer defendants in the present case, the conclusion is the same. The litigation would not be materially advanced by a dismissal of Outsource as a defendant. Therefore, Outsource has not met its "heavy burden" for an interlocutory appeal.

[¶ 8]    For the reasons set forth above, Outsource's Motion for Reconsideration (Doc. No. 110) and its alternative Motion for Interlocutory Appeal (Doc. No. 112) are **DENIED**. Because the Court resolved the Motion for Reconsideration, Outsource's Motion to Stay Discovery (Doc. No. 132) pending resolution of this motion is **MOOT**.

[¶ 9]    **IT IS SO ORDERED.**

DATED July 23, 2026.

Daniel M. Traynor, District Judge
United States District Court